# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

DEBBIE SHOEMAKER,

            Plaintiff,

        vs.

PINNACLE ASSET GROUP, LLC,

            Defendant.

CV 12-42-M-DLC-JCL

FINDINGS AND
RECOMMENDATION

_____

This matter is before the Court on Plaintiff Debbie Shoemaker's Fed. R.

Civ. P. 55(b)(2) Motion for Default Judgment. The Court conducted an

evidentiary hearing on June 21, 2012. Based upon the record before the Court,

and Shoemaker's testimony provided at the hearing, the Court recommends that

Shoemaker's motion be granted, and judgment be entered as described below.

## I.  BACKGROUND

Shoemaker resides in Kalispell, Montana. She commenced this action

asserting claims against Defendant Pinnacle Asset Group, LLC (Pinnacle) under

the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692 et seq.

Pinnacle is a corporation with its principal place of business in the State of New

York.

Shoemaker alleges Pinnacle committed several violations of the Act through its conduct in attempting to collect a credit card debt that Shoemaker allegedly owed in the amount of approximately $500. Specifically, an individual by the name of Andrew Montana, an employee or agent of Pinnacle, left two telephone voice mail messages at Shoemaker's residence in Kalispell regarding the debt collection. Additionally, Shoemaker spoke with Andrew on the telephone from her home in Kalispell on at least two occasions, and Shoemaker received two letters at her residence from Pinnacle attempting to collect the debt. She seeks compensation for damages allegedly caused by Pinnacle's asserted violations of the Act, for an award of statutory damages in the amount of $1,000 as authorized under 15 U.S.C. § 1692k(a)(2)(A), and recovery of her attorney's fees and costs.

## II. DISCUSSION

### A. Jurisdiction, Venue, Personal Jurisdiction, and Sufficiency of Service

Before addressing the merits of Shoemaker's request for default judgment, the Court must confirm it has subject matter jurisdiction over the action, personal jurisdiction over the parties, and that Shoemaker's service of this action on Pinnacle was sufficient. *Board of Trustees v. Energy Management*, 2012 WL 1657523, *2 (N.D. Cal. 2012) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).

Here, the Court has federal question jurisdiction under 28 U.S.C. § 1331 based on Shoemaker's claims advanced under federal law. Additionally, venue is proper in the District of Montana because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Montana. 28 U.S.C. § 1391(b)(2). Pinnacle and Andrew Montana's communications with Shoemaker at her residence in Kalispell, Montana form the events that give rise to Shoemaker's claims under the Act. *See Vaile v. National Credit Works, Inc.*, 2012 WL 1520120, *2 (D. Ariz. 2012) (concluding that in a case under the Act, venue is proper under section 1391(b)(2) in the district where the plaintiff received communications from a debt collector in violation of the Act).

With respect to personal jurisdiction, in a case where subject matter jurisdiction is predicated upon a federal question under 28 U.S.C. § 1331, "'a court may exercise specific [personal] jurisdiction over a defendant if a rule or statute authorizes it to do so and the exercise of jurisdiction comports with the constitutional requirement of due process.'" *Fiore v. Walden*, 657 F.3d 838, 845 (9th Cir. 2011) (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001)). But absent an applicable federal statute, the courts look to the law of the state in which the district sits. *Fiore*, 657 F.3d at 845; Fed. R. Civ. P. 4(k)(1)(A).

In general, Montana's long-arm statute at Mont. R. Civ. P. 4(b) affords

personal jurisdiction over a nonresident defendant as long as the exercise of

personal jurisdiction comports with due process under federal law.  *Grizzly*

*Security Armored Express, Inc. v. The Armored Group, LLC*, 255 P.3d 143, 147

(Mont. 2011).  Specifically, the long-arm statute provides for personal jurisdiction

over any "person," including a corporation, as to any claim arising from the

person's transaction of any business in Montana.  Mont. R. Civ. P. 4(b)(1)(A);

*Grizzly Security*, 255 P.3d at 147.  Here, Shoemaker's claims under the Act arise

from Pinnacle's transaction of its debt collection business in Montana as alleged in

her complaint.  Therefore, the focus of the personal jurisdiction inquiry turns to

the due process considerations.  *Fiore*, 657 F.3d at 845.

The due process analysis under federal law requires, in general, that a

defendant "has 'certain minimum contacts' with [Montana], such that the exercise

of jurisdiction 'does not offend 'traditional notions of fair play and substantial

justice.'"  *Fiore*, 657 F.3d at 845 (quoting *International Shoe Co. v. State of*

*Washington*, 326 U.S. 310, 316 (1945)).  The Ninth Circuit Court of Appeals

employs the following three-part test in assessing the propriety of exercising

specific personal jurisdiction in the particular circumstances underlying the

lawsuit sought to be litigated:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Fiore*, 657 F.3d at 845-46 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

Here, Pinnacle's conduct satisfies the three-part test for personal jurisdiction. First, Pinnacle's communications with Shoemaker in Kalispell, Montana by telephone and letters are sufficient intentional acts aimed at Shoemaker within the District of Montana. *See Vaile*, 2012 WL 1520120 at *4-5 (citing cases involving claims under the Act where similar conduct satisfied this first prong of the test). Second, Shoemaker's claims arise out of Pinnacle's activities and communications with Shoemaker in Montana.

Finally, in considering the reasonableness factors identified in *Terracom v. Valley National Bank*, 49 F.3d 555, 561 (9th Cir. 1995), the Court concludes the exercise of personal jurisdiction over Pinnacle comports with fair play, substantial justice, and is reasonable. Specifically, (1) Pinnacle purposefully injected itself into Montana through its communications with Shoemaker, (2) its burden to

defend this type of action is minimal, (3) there exists no conflict of applicable laws, (4) the State of Montana has an interest in adjudicating violations of the Act committed in Montana, and (5) this forum provides an efficient resolution of the instant controversy that serves Shoemaker's interest in obtaining convenient and effective relief. *See Vaile*, 2012 WL 1520120 at *3 and 5 (citing *Terracom*). Therefore, the Court concludes it has personal jurisdiction over Pinnacle.

Lastly, the record reflects that Shoemaker sufficiently served Pinnacle with notice of this action, and that Pinnacle is in default. Shoemaker effected service of her complaint upon Pinnacle's registered agent by sending a written notice of this action on March 21, 2012, and requesting that Pinnacle waive service of a summons as permitted under Fed. R. Civ. P. 4(d). The waiver of service of summons signed by Pinnacle's registered agent is filed in this action. Dkt. 5. Thus, Pinnacle's answer to the complaint was due on or before May 21, 2012. Fed. R. Civ. P. 4(d)(3). Pinnacle has not appeared in this action, and it has not filed an answer or any other defensive motion. Therefore, on May 24, 2012, the Clerk of Court properly entered Pinnacle's default based upon the affidavit of Shoemaker's counsel. Fed. R. Civ. P. 55(a).

## B. Default Judgment - Pinnacle's Liability Under the Act

Rule 55(b)(2), Fed. R. Civ. P., permits a party to "apply to the court for a default judgment[,]" and permits the court to conduct a hearing as necessary. The entry of default against a defendant establishes the liabilities alleged, but not the amount of damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The factual allegations establishing liability are taken as true upon the entry of default. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). *See also Garamendi v. Henin*, ___ F.3d ___, 2012 WL 2308183, *9 (9th Cir. 2012) (quoting *Geddes*, 559 F.2d at 560). Therefore, Shoemaker need not present any further evidence beyond her allegations to establish her entitlement to recover on the liability claims alleged in her complaint. Nonetheless, Shoemaker testified during the June 21, 2012 hearing substantiating her allegations of Pinnacle's conduct as set forth in her complaint.

A party entitled to judgment by default, however, has the burden to prove the amount of the damages to be awarded through testimony or affidavits. *Canadian National Railway Co. v. Phoenix Logistics, Inc.*, 2012 WL 1376978, *3 (N.D. Cal. 2012).

Shoemaker's allegations in her complaint taken as true, together with her supporting testimony, establish Pinnacle's violations of the Act thereby subjecting

7

it to liability for Shoemaker's damages. Shoemaker qualifies as a "consumer" who

allegedly owes a "debt" as defined under the Act at 15 U.S.C. § 1692a(3) and (5).

Pinnacle qualifies as a "debt collector" under 15 U.S.C. § 1692a(6) for purposes of

subjecting it to the legal obligations imposed under the Act.

Pinnacle's conduct in attempting to collect a debt from Shoemaker violated

the Act. Specifically, through its telephone, written, and voice mail

communications directed to Shoemaker on March 23 and 29, 2011, Pinnacle

committed the following violations of the Act:

(1)     Pinnacle falsely represented or implied to Shoemaker that its written
        communications to her on (a) March 23, 2011, and (b) March 29,
        2011, were from an attorney, in violation of the Act at 15 U.S.C. §
        1692e(3);

(2)     Pinnacle falsely represented to Shoemaker that it would (a) serve her
        with a lawsuit if she did not pay the debt by a certain deadline, and
        (b) garnish her wages, even though it was either not authorized to
        take those actions, or it never intended to take such actions, all in
        violation of the Act at 15 U.S.C. § 1692e(5);

(3)     In order to disgrace Shoemaker, Pinnacle falsely represented to her
        that her failure to repay the alleged debt constituted a criminal act, in
        violation of the Act at 15 U.S.C. § 1692e(7);

(4)     Pinnacle falsely represented to Shoemaker that (a) it would forward
        the debt collection matter to its general legal counsel if she did not
        agree to pay the debt within a certain deadline, (b) it could garnish
        her wages for 10 years once she was "served" with the lawsuit, and
        (c) its judgment against Shoemaker would not be dismissed even if

she filed for bankruptcy, all in violation of the Act at 15 U.S.C. § 1692e(10); and

(5)     Pinnacle failed to provide Shoemaker with the written notices or disclosures of her rights as required by the Act at 15 U.S.C. 1692(g).

Next, with regard to damages, the Act provides that a "debt collector who fails to comply with any provision of [the Act] with respect to any person is liable to such person" for damages. 15 U.S.C. § 1692k(a). Therefore, the 9 separate incidents of Pinnacle's violations of the Act identified above are sufficient to form the basis for its liability to Shoemaker under the Act.

Shoemaker requests an award of statutory damages in the amount of $1,000, which the Court may award in its discretion under 15 U.S.C. § 1692k(a)(2)(A). Based on Shoemaker's testimony at the June 21, 2012 hearing further describing Pinnacle's conduct as alleged in the complaint, the Court concludes an award of $1,000 as requested is warranted.

Shoemaker also requests an award of her actual damages in the amount of $3,000 caused by Pinnacle's violations of the Act. Shoemaker testified that due to Pinnacle's communications with her, she was scared, she felt sick, her heart was racing, and she experienced a panic attack. And Shoemaker's existing difficulty with sleeping was exacerbated for approximately one week. She stated she was distraught, and she did not know what to do in response to Pinnacle's threats.

9

Thus Shoemaker requests compensation for her emotional distress and stress-related experiences caused by Pinnacle's conduct.

The Act provides for an award of a plaintiff's actual damages caused by a debt collector's violations of the Act. 15 U.S.C. § 1692k(a)(1). Actual damages under the Act include emotional distress damages, and may be awarded based on the plaintiff's testimony of his or her emotional distress experiences. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 958 (9th Cir. 2011) (affirming award of damages for emotional distress under the Act for headaches, anxiety, stress, anger, paranoia, and difficulty relating to others).

Accordingly, based on Shoemaker's testimony of her emotional distress, the Court concludes she is entitled an award of those damages caused by Pinnacle under section 1692k(a)(1). The Court further concludes that $3,000 is a reasonable amount to compensate Shoemaker for the distress she described in her testimony.

Finally, Shoemaker requests an award of her attorney's fees and her costs of this litigation. The Act provides that "in the case of any successful action to enforce the [...] liability [under the Act], [a debt collector is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). This language of the Act makes an award of attorneys'

fees mandatory. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court should calculate the amount of an award of attorneys' fees using the "lodestar" method, multiplying a reasonable hourly rate by the number of hours reasonably expended by the plaintiff's attorney. *Id.* The lodestar amount is presumptively reasonable, but the court has discretion to adjust that amount based on a consideration of various factors. *Id.*

Shoemaker has filed the affidavit of her counsel itemizing the hours he spent on this litigation, and the activities in which he engaged to prosecute this action. Shoemaker's counsel spent a total of 18.85 hours pursuing this matter on her behalf, requiring time spent for "attorney/client conferences, telephone conferences with opposing counsel, preparation of pleadings, legal research, hearings, travel time, and related matters[.]" Affidavit of Attorney Fees and Costs at ¶ 4. Counsel's hourly rate for his services is $200 per hour, and he charges $100 per hour for travel time.

Based on counsel's affidavit, and the Court's experience with the legal community and the market rates for attorneys' fees, the Court concludes the represented hours expended and the rates charged are reasonable under the circumstances of this case. Therefore, the total amount of reasonable attorney's

fees, as represented in counsel's affidavit, is $3,270, and the Court finds no reason

to adjust that lodestar amount.

Additionally, counsel's affidavit itemizes a total of $365.05 in costs that

Shoemaker incurred as a result of this action. The Court finds those costs,

including the $350 filing fee, copies, and postage, to be a reasonable amount for

this action. Thus, the total of Shoemaker's attorney's fees and costs is $3,635.05.

Finally, while the district court has discretion in entering a default

judgment, the Ninth Circuit Court of Appeals has identified various factors the

court should consider in deciding whether a default judgment is appropriate. *Eitel*

*v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Those factors are as follows:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
> substantive claims; (3) the sufficiency of the complaint; (4) the sum of
> money at stake in the action; (5) the possibility of a dispute concerning
> material facts; (6) whether the default was due to excusable neglect; and (7)
> the strong policy underlying the Federal Rules of Civil Procedure favoring
> decisions on the merits.

*BMW of North America, LLC v. DinoDirect Corp.*, 2012 WL 2501067, *6 (N.D.

Cal. 2012) (citing *Eitel*, 782 F.2d at 1471-72).

Consideration of the referenced factors compels the Court to conclude that

they weigh in favor of entering default judgment against Pinnacle. Pinnacle's

failure to appear and answer prejudices Shoemaker's ability to promptly obtain

justice and to receive effective relief. For the reasons discussed above, Shoemaker's complaint is sufficient, together with her testimony, to establish the merits of her claims under the Act. The requirements of the Act are clear and, therefore, there exists no possibility of a dispute concerning the material facts supporting Pinnacle's violations of the Act. There is no evidence or information presented to the Court suggesting Pinnacle's default was due to excusable neglect. And finally, although the policy of federal law favors a decision on the merits of claims rendered through an adversarial process, the balance of the *Eitel* factors weigh in favor of the entry of default judgment against Pinnacle.

## III. CONCLUSION

Based on the foregoing, the Court concludes Pinnacle's conduct in attempting to collect a debt owed by Shoemaker violated various provisions of the Act as identified above, thereby subjecting Pinnacle to liability for Shoemaker's damages that it caused. Shoemaker is entitled an award of $3,000 under 15 U.S.C. § 1692k(a)(1) to compensate her for her emotional distress, $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and her attorney's fees and costs of this litigation in the amount of $3,635.05 under 15 U.S.C. § 1692k(a)(3), for a total judgment in the amount of $7,635.05.

Therefore, IT IS HEREBY RECOMMENDED[1] that Shoemaker's Fed. R. Civ. P. 55(b)(2) Motion for Default Judgment should be GRANTED, and judgment should be entered in her favor against Pinnacle in the total amount of $7,635.05 as itemized above.

DATED this 11th day of July, 2012.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1]Even though a plaintiff may have consented under 28 U.S.C. § 636(c)(1) to the authority of a United States Magistrate Judge to conduct all proceedings in a civil action including the entry of judgment, a United States Magistrate Judge does not have authority to enter a final judgment against a non-consenting, defaulted defendant. *Vaile v. National Credit Works, Inc.*, 2012 WL 1520120, *2 (D. Ariz. 2012); *Board of Trustees v. Charles B. Harding Construction, Inc.*, 2009 WL 5215753, *2 (N.D. Cal. 2009). Because Pinnacle was served with this action, but is in default, the undersigned issues this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).